UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GOLDEN GATE COMMUNICATIONS, LLC | § § § | |
| v. | § § | CIVIL NO. 4:23-CV-063-SDJ |
| ALLIOS, INC. | § § | |

### ORDER

The Court's jurisdiction over this case remains an open question because Plaintiff Golden Gate Communications, LLC ("Golden Gate") has failed to adequately allege a basis for federal jurisdiction. Therefore, the Court **ORDERS** Golden Gate Communications, LLC to file an amended complaint alleging the facts required to establish federal jurisdiction.

Golden Gate alleges that the Court has subject-matter jurisdiction under 28 U.S.C. § 1332 due to diversity in the parties' citizenships. "To properly allege diversity jurisdiction under § 1332, the parties need to allege complete diversity." *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) (quotation omitted). Complete diversity requires that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* (quotation omitted). Citizenship of an entity depends on its form. A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen where each of its members is a citizen. *E.g.*, *Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). These

1

differences require different factual allegations to establish citizenship. Allegations regarding the citizenship of a limited liability company must allege the citizenship of each member. *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). A court cannot determine whether federal jurisdiction exists without these allegations. *See MidCap*, 929 F.3d at 313.

Golden Gate has failed to properly allege diversity of citizenship because it has failed to properly allege its own citizenship. Golden Gate states that it "is a citizen of California for purposes of diversity jurisdiction because it is incorporated in California, its members are citizens of California, and its principal place of business is in California." (Dkt. #1 ¶ 9). However, as explained above, because Golden Gate represents that it is a limited liability company, its citizenship for diversity purposes is determined by the State(s) where its members are citizens. *See MidCap*, 929 F.3d at 313–14; *Harvey*, 542 F.3d at 1080. The citizenship of those members is likewise form dependent. Golden Gate's allegations do not inform the Court whether its members are corporations, LLCs, partnerships, or other entities. Golden Gate must affirmatively allege what form of entity its members are and their respective citizenships, which, again, are form dependent. Golden Gate's allegation that "its members are citizens of California" is insufficient to invoke the Court's jurisdiction.

For these reasons, the Court **ORDERS** that, by no later than **April 20, 2023**, Golden Gate must file an amended complaint that alleges facts sufficient to invoke this Court's jurisdiction.

**So ORDERED and SIGNED this 10th day of April, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE